IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

**MICHAEL E. JONES, as the administrator
of the Estate of MICHAEL E. JONES, II,**

      **Plaintiff,**

v.                                   **CIVIL ACTION NO. 2:21-CV-00645**

**WEST VIRGINIA DIVISION OF
CORRECTIONS AND REHABILITATION,
a West Virginia State Agency,**

      **Defendant.**

## DEFENDANT'S ANSWER TO PLAINTIFF'S AMENDED COMPLAINT

NOW COMES the Defendant, West Virginia Divisions of Corrections and Rehabilitation (the "Defendant"), by counsel Michael D. Mullins, Colton C. Parsons, and the law firm of Steptoe & Johnson PLLC, and for its Answer to Plaintiff's Amended Complaint, states as follows:

### FIRST DEFENSE

Plaintiff's Amended Complaint fails to state a cause of action upon which relief can be granted and this Defendant is entitled to qualified immunity.

### SECOND DEFENSE

This Defendant denies each and every allegation against this Defendant contained in the introductory paragraph of Plaintiff's Amended Complaint.

In response to the specifically enumerated paragraphs of Plaintiff's Amended Complaint, this Defendant responds as follows:

1. This Defendant is without information or belief to respond to the allegations contained in the paragraph numbered 1 of Plaintiff's Amended Complaint.

2. In response to the allegations contained in the paragraph numbered 2 of Plaintiff's Amended Complaint, this Defendant admits that this Defendant is a West Virginia state agency. This Defendant denies the remaining allegations contained in the paragraph numbered 2 of Plaintiff's Amended Complaint.

3. In response to the allegations contained in the paragraph numbered 3 of Plaintiff's Amended Complaint, this Defendant admits that Michael E. Jones, II was an inmate at its Eastern Regional Jail in Martinsburg, Berkeley County, West Virginia. This Defendant denies the remaining allegations contained in the paragraph numbered 3 of Plaintiff's Amended Complaint.

4. This Defendant denies the allegations contained in the paragraph numbered 4 of Plaintiff's Amended Complaint.

## JURISDICTION AND VENUE

5. In response to the allegations contained in the paragraph numbered 5 of Plaintiff's Amended Complaint, this Defendant incorporates by reference its responses contained in the paragraphs numbered 1 through 4 above.

6. The paragraph numbered 6 of Plaintiff's Amended Complaint contains a legal conclusion to which this Defendant is not required to respond.

7. The paragraph numbered 7 of Plaintiff's Amended Complaint contains a legal conclusion to which this Defendant is not required to respond.

## FACTS

8. In response to the allegations contained in the paragraph numbered 8 of Plaintiff's Amended Complaint, this Defendant incorporates by reference its responses contained in the paragraphs numbered 1 through 7 above.

9. In response to the allegations contained in the paragraph numbered 9 of Plaintiff's Amended Complaint, this Defendant admits that on January 10, 2018, Michael E. Jones, II was an inmate at its Eastern Regional Jail in Martinsburg, Berkeley County, West Virginia. This Defendant denies the remaining allegations contained in the paragraph numbered 9 of Plaintiff's Amended Complaint.

10. In response to the paragraph numbered 10 of Plaintiff's Amended Complaint, this Defendant admits that Michael E. Jones, II was brutally beaten by another inmate named Gary Nolan Toppings, who was an inmate at Eastern Regional Jail in Martinsburg, Berkeley County, West Virginia. This Defendant denies the remaining allegations contained in paragraph numbered 10 of Plaintiff's Amended Complaint.

11. In response to the paragraph numbered 11 of Plaintiff's Amended Complaint, this Defendant admits that Michael E. Jones, II was talking on the phone when inmate Topping approached him. This Defendant denies the remaining allegations contained in the paragraph numbered 11 of Plaintiff's Amended Complaint.

12. In response to the paragraph numbered 12 of Plaintiff's Amended Complaint, this Defendant admits that inmate Toppings removed his shirt and proceeded towards cell number 14 and that Michael E. Jones, II followed inmate Toppings. This Defendant is without information or belief to respond to the remaining allegations in the paragraph numbered 12 of Plaintiff's Amended Complaint.

13. In response to the paragraph numbered 13 of Plaintiff's Amended Complaint, this Defendant admits that Michael E. Jones, II returned to the common area around the television and inmate Toppings also returned to the common area and began to walk in

front of his cell. This Defendant is without information or belief to respond to the remaining allegations in the paragraph numbered 13 of Plaintiff's Amended Complaint.

14. This Defendant admits the allegations contained in the paragraph numbered 14 of Plaintiff's Amended Complaint.

15. In response to the allegations contained in the paragraph numbered 15 of Plaintiff's Amended Complaint, this Defendant admits that Michael E. Jones, II exited the cell. This Defendant denies the remainder of the allegations contained in the paragraph numbered 15 of Plaintiff's Amended Complaint.

16. In response to the allegations contained in the paragraph numbered 16 of Plaintiff's Amended Complaint, this Defendant admits that correctional officers entered the area and began life saving measures on Michael E. Jones, II to no avail. This Defendant denies the remainder of the allegations contained in the paragraph numbered 16 of Plaintiff's Amended Complaint.

17. This Defendant denies the allegations contained in paragraph numbered 17 of Plaintiff's Amended Complaint.

18. This Defendant is without information or belief to respond to the allegations contained in the paragraph numbered 18 of Plaintiff's Amended Complaint.

19. This Defendant is without information or belief to respond to the allegations contained in the paragraph numbered 19 of Plaintiff's Amended Complaint.

20. This Defendant is without information or belief to respond to the allegations contained in the paragraph numbered 20 of Plaintiff's Amended Complaint.

21. This Defendant is without information or belief to respond to the allegations contained in the paragraph numbered 21 of Plaintiff's Amended Complaint.

22. In response to the allegations contained in the paragraph numbered 22 of Plaintiff's Amended Complaint, this Defendant admits that on January 22, 2018, employees of this Defendant placed an emergency call to Eastern Regional Jail medical staff.

23. This Defendant admits the allegations contained in the paragraph numbered 23 of Plaintiff's Amended Complaint.

24. This Defendant admits the allegations contained in the paragraph numbered 24 of Plaintiff's Amended Complaint.

25. This Defendant admits the allegations contained in the paragraph numbered 25 of Plaintiff's Amended Complaint.

26. This Defendant admits the allegations contained in the paragraph numbered 26 of Plaintiff's Amended Complaint.

27. This Defendant admits the allegations contained in the paragraph numbered 27 of Plaintiff's Amended Complaint.

28. This Defendant admits the allegations contained in the paragraph numbered 28 of Plaintiff's Amended Complaint.

29. This Defendant denies the allegations contained in the paragraph numbered 29 of Plaintiff's Amended Complaint.

30. This Defendant denies the allegations contained in the paragraph numbered 30 of Plaintiff's Amended Complaint.

31. This Defendant denies the allegations contained in the paragraph numbered 31 of Plaintiff's Amended Complaint.

32. This Defendant denies the allegations contained in the paragraph numbered 32 of Plaintiff's Amended Complaint.

33. This Defendant denies the allegations contained in the paragraph numbered 33 of Plaintiff's Amended Complaint.

34. This Defendant denies the allegations contained in the paragraph numbered 34 of Plaintiff's Amended Complaint.

## CAUSE OF ACTION

35. In response to the allegations contained in the paragraph numbered 35 of Plaintiff's Amended Complaint, this Defendant incorporates by reference its responses contained in the paragraphs numbered 1 through 34 above.

36. The allegations contained in the paragraph numbered 36 of Plaintiff's Amended Complaint call for a legal conclusion to which this Defendant is not required to respond. To the extent the paragraph numbered 36 of Plaintiff's Amended Complaint contains factual allegations, this Defendant denies those allegations.

37. This Defendant denies the allegations contained in the paragraph numbered 37 of Plaintiff's Amended Complaint.

38. This Defendant denies the allegations contained in the paragraph numbered 38 of Plaintiff's Amended Complaint.

39. This Defendant denies the allegations contained in the paragraph numbered 39 of Plaintiff's Amended Complaint.

40. This Defendant denies the allegations contained in the paragraph numbered 40 of Plaintiff's Amended Complaint.

41. This Defendant denies the allegations contained in the paragraph numbered 41 of Plaintiff's Amended Complaint.

42. This Defendant denies the allegations contained in the paragraph numbered 42 of Plaintiff's Amended Complaint.

43. This Defendant denies the allegations contained in the paragraph numbered 43 of Plaintiff's Amended Complaint.

44. This Defendant denies the allegations contained in the paragraph numbered 44 of Plaintiff's Amended Complaint.

45. This Defendant denies the allegations contained in the paragraph numbered 45 of Plaintiff's Amended Complaint.

46. This Defendant denies the allegations contained in the paragraph numbered 46 of Plaintiff's Amended Complaint.

## DAMAGES

47. This Defendant denies the allegations contained in the paragraph numbered 47 of Plaintiff's Amended Complaint.

48. In response to Plaintiff's prayer for relief, this Defendant denies that Plaintiff is entitled to any damages.

49. This Defendant denies any allegations or inference of wrongdoing or illegality and denies that Plaintiff is entitled to any relief whatsoever.

50. This Defendant denies each and every allegation in Plaintiff's Amended Complaint that is not specifically admitted to herein.

## **THIRD DEFENSE**

This Defendant's actions were privileged and within the scope of its lawful authority in all actions undertaken.

## FOURTH DEFENSE

The conduct of Michael E. Jones, II and/or someone else was the competent producing cause of Michael E. Jones, II's injuries or damages, if any.

## FIFTH DEFENSE

This Defendant is entitled to immunity from any award of damages.

## SIXTH DEFENSE

This Defendant raises the affirmative defenses of privilege, immunity, qualified immunity, failure to mitigate damages and contributory and/or comparative fault.

## SEVENTH DEFENSE

This Defendant acted reasonably and in good faith under the circumstances and is therefore immune from liability.

## EIGHTH DEFENSE

This Defendant was reasonable in its conduct. This Defendant did not act with deliberate indifference and therefore cannot be held liable under the Eighth Amendment or Article III, Section III of the West Virginia Constitution.

## NINTH DEFENSE

The actions of others were the competent producing cause of Plaintiff's and Michael E. Jones, II's injuries.

## TENTH DEFENSE

This Defendant reserves the right to argue that Plaintiff and Michael E. Jones, II failed to mitigate their damages.

## ELEVENTH DEFENSE

This Defendant reserves the right to raise the affirmative defenses set forth in Rules 8, 9 and 12 of the Federal Rules of Civil Procedure should discovery reveal that those defenses are applicable.

## TWELTH DEFENSE

Gary Nolan Toppings' intervening, superseding, criminal actions caused Michael E. Jones, II's injuries and these Defendants are not responsible for Gary Nolan Toppings' conduct.

## THIRTEENTH DEFENSE

Gary Nolan Toppings' is an indispensable party to this action and Plaintiff's failure to include him herein requires dismissal.

## FOURTEENTH DEFENSE

This Defendant reserves the right to raise any and all further defenses which may arise during the course of this litigation.

## JURY DEMAND

This Defendant respectfully requests the right to a jury trial on all issues deemed so triable.

WHEREFORE, this Defendant respectfully requests that it be dismissed from the action and that it be awarded its costs, including any attorneys' fees expended herein.

[signature page to follow]

|  |  |
|---|---|
| | WEST VIRGINIA DIVISION OF CORRECTIONS AND REHABILITATION<br>By Counsel, |
| **STEPTOE & JOHNSON PLLC**<br>Of Counsel | /s/ Colton C. Parsons<br>Michael D. Mullins (WVSB # 7754)<br>Colton C. Parsons (WVSB # 13243)<br>P. O. Box 1588<br>Charleston, WV 25326-1588<br>Telephone (304)-353-8000<br>Facsimile (304)-353-8180<br>michael.mullins@steptoe-johnson.com<br>colton.parsons@steptoe-johnson.com |

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

MICHAEL E. JONES, as the administrator
of the Estate of MICHAEL E. JONES, II,

        Plaintiff,

v.                                         CIVIL ACTION NO. 2:21-CV-00645

WEST VIRGINIA DIVISION OF
CORRECTIONS AND REHABILITATION,
a West Virginia State Agency,

        Defendant.

## CERTIFICATE OF SERVICE

I hereby certify that on the 10th day of December 2021, I filed the foregoing **"Defendant's Answer to Plaintiff's Amended Complaint"** upon counsel of record by placing true and accurate copies of same in the regular course of the United States Mail, postage prepaid, in an envelope addressed as follows:

Brent K. Kesner (WVSB #2022)
Anthony E. Nortz (WVSB #12944)
Kesner & Kesner, PLLC
112 Capitol Street
P.O. Box 2587
Charleston, WV 25329
*Counsel for Plaintiff*

Kevin Harris (WVSB #8814)
Harris and Holmes, PLLC
115 N. Church Street
Ripley, WV 25271
*Counsel for Plaintiff*

**STEPTOE & JOHNSON PLLC**
        Of Counsel

/s/ Colton C. Parsons
Michael D. Mullins (WVSB # 7754)
Colton C. Parsons (WVSB # 13243)
P. O. Box 1588
Charleston, WV 25326-1588
Telephone (304)-353-8000
Facsimile (304)-353-8180
michael.mullins@steptoe-johnson.com
colton.parsons@steptoe-johnson.com