IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

MICHAEL E. JONES, et al.,

        Plaintiffs,

v.                                              CIVIL ACTION NO.   2:21-cv-00645

WEST VIRGINIA DIVISION OF CORRECTIONS
AND REHABILITATION,

        Defendant.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Plaintiff Michael E. Jones, as the Administrator of the Estate of Michael E. Jones, II's, ("Plaintiff") Motion for Remand. (ECF No. 5.) For the reasons more fully explained below, the motion is **DENIED**.

                                              I.    BACKGROUND

This action arises out of the death of Michael E. Jones, II, ("Decedent") while he was incarcerated in the Eastern Regional Jail in Martinsburg, West Virginia. (*See* ECF No. 1–1.) Plaintiff filed his original complaint on August 28, 2019, in the Circuit Court of Kanawha County, West Virginia. (ECF No. 5–1.) Plaintiff's original complaint pled only one cause of action, which he did not expressly label. (*Id.* at 5–6.)

Relevant to this discussion is this original cause of action within the complaint. In his untitled cause of action, Plaintiff alleged the following:

## CAUSE OF ACTION

30. Plaintiff incorporates by reference Paragraph 1 through Paragraph 29 of his Complaint above.

31. On January 10, 2018, Defendant WVDOCR, had a duty to provide a safe environment for Michael E. Jones, II to serve his criminal sentence, which was for parole violation;

32. The offending inmate, Toppings, had previously engaged in a pattern of verbal and/or physical threats and/or actions directed against other inmates and Michael E. Jones, II, in an attempt to bully Michael E. Jones, II into purchasing items for him from the commissary or paying him for commissary items as the "store man" in the Section.

33. Defendant WVDOCR knew or should have known of the offending risk to other inmates, and knowledge his risk to Michael E. Jones, II.

34. Defendant WVDOCR breached its duty to Defendant Michael E. Jones by failing to take action in order to adequately protect Michael E. Jones, II from injury and ultimately death.

35. Defendant WVDOCR failed to adequately supervise inmates while in their Sections which allowed this incident to occur.

36. Persons or others at the Regional Jail, upon information and belief, ignored, acquiesced in, and took no actions to prevent the actions alleged herein and such failure to act was a breach of the duties owed to Plaintiff's Decedent.

37. As a direct and proximate result of the WVDOCR's actions and/or inactions, Michael E. Jones, II incurred an untimely death at the age of thirty-five (35) years.

(ECF No. 5–1 at 5–6.)

Service of the complaint was completed on the West Virginia Division of Corrections and Rehabilitation ("Defendant") on August 28, 2019. (*See* ECF No. 6 at 3.) Defendant, however, filed no responsive pleadings, and Plaintiff subsequently filed a motion for default judgement on January 15, 2020. (ECF No. 5 at 1.) Defendant thereafter filed an answer to the complaint on April 3, 2020. (*Id.*) Following the filing of the answer, the parties engaged in discovery. On

May 19, 2021, Plaintiff disclosed the report of his expert witness, Howard Painter ("Painter"), who opined on liability. (*See* ECF Nos. 5 at 2; 6 at 4.) Two days later, on May 21, counsel for Defendant deposed Plaintiff's expert witness. (ECF No. 5 at 2.) Following the completion of discovery, during which the parties conducted ten depositions and exchanged multiple sets of written discovery, Defendant filed a motion for summary judgment on June 28, 2021. (ECF No. 6 at 4.)

On July 28, 2021, the Circuit Court of Kanawha County held a pre-trial conference, where the parties argued Defendant's motion for summary judgment. (*See* ECF No. 6–1 at 11, Ex. B.) On the day prior, however, Plaintiff filed a motion to amend the complaint. (*Id.* at 46, Ex. F.) Ultimately, the Circuit Court granted both Defendant's motion for summary judgment and Plaintiff's motion to amend. (*See id.* at 11, Ex. B.) In its order, the Circuit Court noted the following:

> Plaintiff's Complaint sets forth on [*sic*] single cause of action against Defendant []: simple negligence. Plaintiff did not attempt to state a claim for the violation of the constitution or for deliberate indifference in his original Complaint. Similarly, Plaintiff did not move the Court to amend his Complaint to add an additional claim for a "constitutional" violation until July 27, 2021, the day prior to the pre-trial hearing.

(*Id.* at 12, Ex. B.)

Following the Circuit Court's grant of leave to amend his complaint, Plaintiff filed his Amended Complaint with the Circuit Court of Kanawha County on December 1, 2021.[1] (*See* ECF No. 1–1.) Plaintiff's Amended Complaint, for the first time, expressly alleged a violation of Decedent's federal constitutional rights under the Eighth Amendment. (ECF No. 1–1 at ¶ 45.)

---

[1] While not relevant to the Court's determination below, it is nonetheless noted that the Circuit Court's order, entered on September 9, 2021, gave Plaintiff two weeks in which to file an amended complaint. (ECF No. 6–1 at 6–7, Ex. B.) Plaintiff did not file his Amended Complaint until December 1, 2021. (ECF No. 1–1.)

3

Thereafter, on December 10, 2021, Defendant removed this matter to this Court invoking federal question jurisdiction pursuant to 28 U.S.C. § 1441. (ECF No. 1.)

Following removal, Plaintiff filed the instant motion to remand on January 6, 2022. (ECF No. 5) Defendant filed its response in opposition on January 11, 2022. (ECF No. 6.) Plaintiff filed his reply on January 18, 2022. (ECF No. 7.) With the briefing complete, the motion is ripe for adjudication.

## II. DISCUSSION

Plaintiff's only argument for remand is that Defendant's notice of removal was untimely. In support of this argument, Plaintiff asserts that Defendant "clearly understood" and "ascertained that Plaintiff's claims arose, at least in part, out of the United States Constitution and, therefore, were removeable." (ECF No. 5 at 2.) Plaintiff contends that Defendant was aware of this because Plaintiff's expert witness, Painter, disclosed his opinion on deliberate indifference—a violation of the Eighth Amendment to the United States Constitution—and because counsel for Defendant questioned Painter about the standards necessary to prove a claim of deliberate indifference under federal law. (*Id.*) Plaintiff claims that this disclosure and questioning shows that Defendant clearly understood that Plaintiff was bringing a deliberate indifference claim at least by mid- to late May 2021, after which Defendant failed to file a notice of removal within 30 days pursuant to 28 U.S.C. § 1446, thereby rendering its removal untimely. (*Id.* at 5.) In further support of this argument, Plaintiff points to the fact that Defendant argued against "Plaintiff's deliberate intent claim" in its motion for summary judgment in the Circuit Court, further acknowledging that "the possibility of removal had been 'ascertained' by the Defendant." (*Id.* at 7.) Finally, Plaintiff asserts that his filing of his Amended Complaint did not create a substantially

4

new suit and, because of that, "Defendant [should] not get another bite at the apple" in removing this action. (*Id.* at 9.)

In response, Defendant argues that its removal of this action was timely for several reasons. First, Defendant claims that Plaintiff's original complaint did not contain a federal cause of action, and Defendant timely removed the case once Plaintiff filed the Amended Complaint which included a cause of action arising under the Eighth Amendment. (ECF No. 6 at 6.) Second, Defendant argues that it could not have been on notice of or otherwise ascertained Plaintiff's federal claim, as Plaintiff himself conceded at the pre-trial hearing in the Circuit Court that he had not yet decided whether to bring a state or federal constitutional claim. (*Id.* at 7–10.) Third, Defendant contends that an expert witness's report does not qualify as an "other paper" contemplated by 28 U.S.C. § 1446(b)(1) that would be sufficient to put a party on notice of removability. (*Id.* at 11–12.) Finally, Defendant argues that even if an expert report is an "other paper," pursuant to statute, Painter's report cannot be construed as such because it "does not contain any reference to a federal constitutional claim or a state constitutional claim and is certainly not 'unequivocally clear and certain'" to put Defendant on fair notice. (*Id.* at 12–13.)

"The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Pursuant to 28 U.S.C. § 1441, a defendant may remove an action brought in a state court if the corresponding United States district court has original jurisdiction over the suit. Removal, however, is subject to certain restrictions. *See Haythorn v. Erie Ins. Prop. & Cas. Co.*, Civ. Action No. 5:06CV67, 2006 WL 2595278, at *1 (N.D. W. Va., Sep. 11, 2006).

One of these restrictions is the timeliness of the notice of removal. 28 U.S.C. § 1446. Section 1446 generally requires that a notice of removal be filed within "30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading[.]" Relevant to this action, § 1446(c) establishes that in the event that a case is not removable based on the initial pleadings, "a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." A failure to timely file a notice of removal constitutes a defect in removal procedure. *Cades v. H&R Block, Inc.*, 43 F.3d 869, 873 (4th Cir. 1994).

"The Fourth Circuit has made it clear . . . that [the] removal statutes must be construed strictly against removal and that the burden of establishing the propriety of removal rests with the removing part[ies]." *Cunningham v. Bombay Prods., Inc.*, 309 F. Supp. 2d 835, 836 (S.D. W. Va. 2004) (citing *Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994)). In other words, the removing party bears the burden of establishing that the notice of removal was timely. *Dearien v. Union Carbide Corp.*, 530 F.Supp.3d 622, 628 (S.D. W. Va. 2021) (citing *Tolley v. Monsanto Co.*, 591 F.Supp.2d 837, 845 (S.D. W. Va. 2008)).

Plaintiff's original complaint in the Circuit Court of Kanawha County was not removable as it set forth only one cause of action that did not arise under federal law or the United States Constitution. As set forth above, Plaintiff's original cause of action did not reference "deliberate indifference," the Eighth Amendment, the United States Constitution, the West Virginia State Constitution, 42 U.S.C. § 1983, or any other reference that would clearly indicate the legal theory which he was pursuing. Indeed, even the Circuit Court noted at the pre-trial hearing that

6

Plaintiff's theory "sounds in negligence," ultimately finding that the complaint only set forth a claim of simple negligence.[2] (*See* ECF No. 6–1 at 12, Ex. B ("Plaintiff did not attempt to state a claim for the violation of the constitution or for deliberate indifference in his original Complaint.").) Based on counsel's own statements in the Circuit Court, it would appear that the precise legal theory curiously remained elusive even to Plaintiff: "[W]hat I'm going to suggest is if we take a couple weeks to be very clear on what we're going to allege so that there's not any question about it, you know, to adjust that." (ECF No. 6–1 at 41–42, Ex. E.)

The Circuit Court also demanded clarity in its grant of leave for an amended complaint, ordering Plaintiff to specify "whether Plaintiff is bringing a claim for deliberate indifference under the West Virginia Constitution or the United States Constitution." (*Id.* at 17, Ex. B.) As evidenced, the original complaint was far from clear as to what cause of action it alleged, rendering the question of removability nigh impossible to answer. *See Lovern v. Gen. Motors Corp.*, 121 F.3d 160, 162 (4th Cir. 1997) ("Where, however, such details [in the initial pleading] are obscured or omitted, or indeed misstated, that circumstance makes the case '*stated* by the initial pleading' not removable, and the defendant will have 30 days from the revelation of grounds for removal in an amended pleading, motion, order, or other paper to file its notice of removal.") Frankly, it is rather irrational to argue that Defendant should have ascertained the removability of the action "since its inception," when Plaintiff himself had not yet settled on what cause of action he alleged at the pre-trial hearing.

This brings what the Court believes to be the central issue to the forefront: Whether the expert witness's report is properly considered an "other paper," such that Defendant should have

---

[2] In West Virginia, a valid claim of negligence requires a showing of four basic elements: duty, breach, causation, damages. *C.C. v. Harrison Cnty. Bd. of Educ.*, 859 S.E.2d 762, 771 (W. Va. 2021).

7

ascertained the action's removability. In this instance, without more, the Court cannot properly consider the expert witness's report as an "other paper."

The Fourth Circuit has recognized that the "motion, order, or other paper" requirement in 28 U.S.C. § 1446(b)(1) includes "any information received by the Defendant, whether communicated in a formal or informal matter." *Northrop Grumman Tech. Servs., Inc. v. DynCorp Int'l LLC*, 865 F.3d 181, 186–87 (4th Cir. 2017) (quoting *Yarnevic v. Brink's, Inc.*, 102 F.3d 753, 755 (4th Cir. 1996)). Naturally, federal courts have given an expansive interpretation to the term "other paper." *See* 14C Charles Alan Wright, et al., Fed. Prac. & Proc. Juris. § 3731 (Rev. 4th ed. 2021). "The purpose of this requirement is to ensure that a defendant receives adequate notice that a case is removable before being subject to the 30-day deadline to file its removal notice." *Northrop Grumman Technical Servs., Inc.*, 865 F.3d at 187. Therefore, under the statute, the 30-day period begins to run upon the defendant's receipt of such an "other paper." *Id.* (citing 28 U.S.C. § 1446(b)(1).

Despite the expansive interpretation of the term "other paper," such notice of removability "ought to be unequivocal" and "should not be one which may have a double design." *DeBry v. Transamerica Corp.*, 601 F.2d 480, 489 (10th Cir. 1979). *See also Bosky v. Kroger Texas, LP*, 288 F.3d 208, 211 (5th Cir. 2002). This is confirmed by the statute itself: "Section 1446(b) uses the word 'ascertained' in connection with the giving of notice. Webster's New Collegiate Dictionary (1975), defines the term 'ascertain' as 'to find out or learn with certainty.'" *DeBry*, 601 F.2d at 489. Accordingly, numerous federal courts require that an amended pleading, motion, or other paper be "unequivocally clear and certain" to start the running of the 30-day time period for the filing of a notice of removal. *See Bosky*, 288 F.3d at 211. *See also DeBry*, 601 F.2d at

8

489; *Dietrich v. Boeing Co.*, 14 F.4th 1089, 1094 (9th Cir. 2021) (adopting the "unequivocally clear and certain" test); *Berera v. Mesa Med. Grp., PLLC*, 779 F.3d 352, 364 (6th Cir. 2015) (requiring "solid and unambiguous information that the case is removable," which "is akin to actual notice"); *Romulus v. CVS Pharmacy, Inc.*, 770 F.3d 67, 75 (1st Cir. 2014) (requiring "a clear statement of the damages sought or . . . [a] paper set[ting] forth sufficient facts from which the amount in controversy can easily be ascertained by the defendant by simple calculation" for removal based on diversity jurisdiction); *Walker v. Trailer Transit, Inc.*, 727 F.3d 819, 825 (7th Cir. 2013) (requiring "specific and unambiguous notice that the case satisfies federal jurisdictional requirements and therefore is removable"); *Moltner v. Starbucks Coffee Co.*, 624 F.3d 34, 38 (2d Cir. 2010) (per curiam) (requiring "a paper that explicitly specifies the amount of monetary damages sought" for removal based on diversity jurisdiction).

Following the logic of these decisions, the expert witness's report in this case was not unequivocal and clear such that Defendant could ascertain the removability of the action. First, and as explained above, Defendant was faced with an entirely ambiguous complaint, under which Defendant could not be certain whether Plaintiff was alleging simple negligence, an intentional tort, a state constitutional violation, or a federal constitutional violation. Working from this complaint, which the Circuit Court described as "sounding in negligence," Painter's expert report opined on the liability of Defendant. (*See* ECF No. 6–1 at 19–26, Ex. C.) Plaintiff maintains that Painter's opinion that the Defendant's actions constituted "deliberate indifference" and that Defendant's questioning of Painter regarding the same meant that Defendant would be able to ascertain that the action was removable. Yet, in making this assertion, Plaintiff ignores the fact that the expert report made no distinction between the federal or state constitutional violations that

9

might have been alleged in the complaint. *See, e.g.*, *Nobles v. Duncil*, 505 S.E.2d 442452 (W. Va. 1998) (recognizing that "deliberate indifference" requires demonstration of either actual intent or reckless disregard under both the Federal and State Constitutions). Coupled with the vague complaint and its one cause of action, Painter's report left Defendant attempting to hit what appeared to be a moving or, at least, obscured target. Seemingly, the Circuit Court of Kanawha County recognized the same, ordering Plaintiff to specify whether his purported "constitutional" claim was brought under the United States or the West Virginia Constitution. (ECF No. 6–1 at 16, Ex. C.) While an expert report certainly can be considered an "other paper" to begin the running of the 30-day period for removal, see *Parish of Plaquemines v. Chevron USA, Inc.*, 7 F.4th 362 (5th Cir. 2021), this report was not sufficient for Defendant to ascertain, i.e., "to find out or learn with certainty," the removability of the action. *See Bosky*, 288 F.3d at 211.

Defendant was not on proper notice pursuant to 28 U.S.C. § 1446(b)(3) that Plaintiff intended to state a federal cause of action until Plaintiff filed his Amended Complaint on December 1, 2021. Defendant subsequently filed its Notice of Removal on December 10, 2021, well within the 30-day timeframe prescribed by statute. As such, the Notice of Removal was timely.

### III. CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Remand, (ECF No. 5), is hereby **DENIED**.

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: April 5, 2022

---
THOMAS E. JOHNSTON, CHIEF JUDGE

11